

DA 10-0441

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 58N

IN RE THE MATTER OF THE SUSPENSION
OF THE DRIVING PRIVILEGES OF:

CASEY ERNEST VAUGHN,

        Appellant.

APPEAL FROM:    District Court of the Tenth Judicial District,
In and For the County of Fergus, Cause No. DV 10-70
Honorable E. Wayne Phillips, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Craig R. Buehler, Attorney at Law; Lewistown, Montana

        For Appellee:

        Steve Bullock, Montana Attorney General; Matthew T. Cochenour,
Assistant Attorney General; Helena, Montana

        Thomas P. Meissner, Fergus County Attorney, Lewistown, Montana

Submitted on Briefs:  March 2, 2011

Decided:  April 5, 2011

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Casey Vaughn appeals from the Tenth Judicial District Court's Order denying his petition to reinstate his driver's license. Vaughn challenges the District Court's conclusion that the community caretaker doctrine justified the officer's actions which led to the seizure of his driver's license.

¶3      On May 8, 2010, around 12:30 a.m., Vaughn was driving his vehicle on the Ross Fork Road in Fergus County. At that time, Deputy Sheriff Josh Otto was conducting regular patrol, and was driving on the same road approximately a half-mile behind Vaughn's vehicle. As Deputy Otto caught up with Vaughn, Vaughn turned off Ross Fork Road and onto a county road which Deputy Otto testified was "a two track muddy road" that "isn't good" when wet. Deputy Otto testified that he had not seen anyone turn onto that road before, was not aware of any residences on the road, and wondered if Vaughn was lost. Vaughn pulled over and stopped his vehicle to allow Deputy Otto's vehicle to pass. Deputy Otto pulled his vehicle in behind Vaughn's vehicle and turned on his overhead emergency lights. He approached Vaughn's vehicle, and asked him if he was lost. Vaughn responded "[n]o," but after making certain observations, Deputy Otto processed Vaughn for a possible DUI violation and requested a breath sample, which Vaughn refused. Vaughn was ultimately arrested for a DUI which led to the

2

seizure of his driver's license.  On June 7, 2010, Vaughn filed a Petition to Reinstate Driver's License.  After a hearing and briefing, the District Court denied Vaughn's petition.

¶4     Vaughn contends the District Court erred when it rejected his argument that Deputy Otto lacked particularized suspicion to justify an investigative stop, arguing the Court's findings of fact were clearly erroneous and its conclusions of law incorrect.  Vaughn argues the District Court misapprehended the facts and law when it denied his petition based on the community caretaker doctrine, instead of concluding that Deputy Otto's actions exceeded the scope of the doctrine.  The State responds that this Court need not consider particularized suspicion, because the State and the District Court did not rely upon that theory.  The State argues that the facts justify the District Court's application of the community caretaker doctrine, and that this Court should decline to consider Vaughn's claim that Deputy Otto's actions exceeded the scope of the community caretaker doctrine because Vaughn presents this theory for the first time on appeal. *See State v. LaFreniere*, 2008 MT 99, ¶ 11, 342 Mont. 309, 180 P.3d 1161.

¶5     "When reviewing a District Court's ruling on a petition for reinstatement of a drivers' license, we determine whether the court's findings of fact were clearly erroneous, and whether its conclusions of law were incorrect." *Jess v. State ex rel. Recs. & Driver Control*, 2008 MT 422, ¶ 8, 347 Mont. 381, 198 P.3d 306 (citing *Clark v. State ex rel. Driver Improvement Bureau*, 2005 MT 65, ¶ 6, 326 Mont. 278, 109 P.3d 244).  Because the suspension of a driver's license is presumed correct, the petitioner bears the burden of proving that the State's actions were improper.  *Brown v. State*, 2009 MT 64, ¶ 8, 349 Mont. 408, 203 P.3d 842 (citation omitted).

¶6     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions.  The District

Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted.

¶7      Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS